UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SIGNATURES NETWORK, INC.
a Delaware corporation,

Plaintiff,

vs.

JOHN DOES 1-100, individuals,
JANE DOES 1-100, individuals,
and XYZ COMPANY, business
entity form unknown, inclusive,

Defendants.

CIVIL ACTION NO.

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND VIOLATIONS OF THE LANHAM ACT

Plaintiff Signatures Network, Inc., by its attorneys, files this complaint against defendants, alleging as follows:

### JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

### PARTIES

2. Signatures Network, Inc. ("Plaintiff") is a Delaware corporation with its principal place of business in San Francisco, California.

3. Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are

1

unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants will be present in and about the District of Massachusetts in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the District of Massachusetts and is or will be subject to the jurisdiction of this Court.

6. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

7. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

8. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performing artists and groups, including, but not limited to tour and program books, T-shirts, jerseys, sweatshirts, hats, visors, buttons and posters (collectively "Merchandise") which embody the names, likenesses and trademarks of various musical performers and groups.

9. The tour known as "**OZZFEST**" and the artist known as "**OZZY OSBOURNE**" and the group "**BLACK SABBATH**" (collectively, the "Artists"), are the tradenames used by this tour and the Artists in connection with their performing,

recording, merchandising and other related goods in all aspects of the entertainment industry and to distinguish their services from all other such artists. The Artists have used their mark in connection with their recording and performing services over 30 years, and the tour for approximately 8 years.

10. The following are registered trademarks. A) Ozzy Osbourne, Federal Registration No. 2690340 for use in connection with: clothing, namely t-shirts, bandanas, sport shirts, jackets, caps, jerseys and head bands; stickers, postcards and tour programs; key chains made of metal; prerecorded discs, tapes and video cassettes featuring music; watches, clocks and lapel pins; glass mugs, shot glasses, ceramic figurines and commemorative plates; and toys, namely action figures and toy vehicles, and Christmas tree ornaments. B) Ozzfest, Federal Registration No. 2331282 for use in connection with entertainment services in the nature of organizing and conducting music concerts and music festivals, live performances featuring music and Federal Registration No. 2334692 for use in connection with musical sound recordings, audio tapes, compact discs and pre-recorded audio and video cassettes, all featuring musical performances. C) Black Sabbath, Federal Registration No. 2399391 for use in connection with: clothing, namely, T-shirts, tops, jackets and caps; phonograph records, compact discs and prerecorded audio tapes featuring music; and entertainment services, namely, live performances by a rock band.

11. Pursuant to an agreement between the Artists and/or the Tour and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, trade names, likenesses and logos of the Artists and the Tour (collectively, the "Artists' Trademarks") on and in connection with Merchandise ("Tour Merchandise")

sold and offered for sale in the vicinity of the Tour and the Artists' concerts on their present North American concert tour (the "Tour").

12.     The Artists have used their trademarks to identify officially authorized goods and services and to distinguish themselves from those of others by, among other things, prominently displaying the Artists' Trademarks in advertising, on promotional material, on recording covers and on Tour Merchandise.

13.     The Artists have achieved wide renown during their careers in the music industry. The Artists have used their trademarks to identify officially authorized goods and services and to distinguish themselves from those of others by, among other things, prominently displaying the Artists' Trademarks in advertising, on promotional material, on recording covers and on Tour Merchandise.

14.     The Artists have decidedly strong and loyal followings among those who attend popular music concerts and record buyers. The Artists have appeared in concerts at major arenas and stadiums in the United States, Canada, and throughout the world and have been seen and heard in concerts by millions of popular music enthusiasts. The Artists have sold over 10 million units of recordings.

15.     The previous Ozzfest tours and the Artists' previous tours were attended by hundreds of thousands of people. Many of the Tour's performances are sold out or nearly sold out.

16.     As a result of the foregoing, each of the Artists' Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise bearing any or all of the Artists' Trademarks.

17. Plaintiff and the Artists annually realize substantial income from the sale of the Tour Merchandise bearing the Artists' Trademarks, and hundreds of thousands of such items have been sold throughout the United States.

18. On Friday, July 15, 2005, at the Tweeter Center in Boston, Massachusetts, the Tour and the Artists will perform (the "Concert").

19. Pursuant to the Agreement, the Artists and the Tour have granted to Plaintiff the exclusive right to market articles of clothing and other Tour Merchandise bearing any or all of the Artists' Trademarks at or near the site of the Concert and at all other arenas and stadiums in which the Tour will perform. The authorized Tour Merchandise bearing any or all of the Artists' Trademarks will be distributed throughout the United States in connection with the Tour.

## DEFENDANTS' UNLAWFUL CONDUCT

20. On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artists' Trademarks (the "Unauthorized Merchandise") in the vicinity of the Concert before, during and after their performance, and at subsequent concerts during the Tour.

21. The Unauthorized Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Unauthorized Merchandise is not authorized by the Artists or Plaintiff.

22. The Unauthorized Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the reputation of the Artists which has developed by virtue of their public

performances and the reputation for high quality associated with Plaintiff and the Tour Merchandise.

23. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Unauthorized Merchandise is authorized, sponsored or approved by the Tour and/or the Artists and/or Plaintiff and that such Unauthorized Merchandise is subject to the same quality control and regulation required by the Tour and/or the Artists and/or Plaintiff, despite the fact that this is not true. It also injures the Tour, the Artists and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

24. The aforesaid manufacture, distribution and sale of Unauthorized Merchandise bearing the names, trademarks and/or likenesses of the Artists constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise. The use by Defendants and others of the Artists' Trademark also constitutes an attempt to palm off and appropriate to themselves the Tour's, the Artists' and Plaintiff's exclusive rights therein.

25. Upon information and belief, Defendants and others have and will continue to engage in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Tour and the Artists.

26. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

**FIRST CLAIM FOR RELIEF**
(Violation of the Lanham Act)

27. Plaintiff realleges each allegation set forth the paragraphs above.

28. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Unauthorized Merchandise.

**SECOND CLAIM FOR RELIEF**
(Infringement of Registered Trademark No.
2690340, 2331282, 2334692 and 2399391)

29. Plaintiff realleges each allegation set forth in the paragraphs above.

30. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to 15 U.S.C. § 1114(b) with respect to Defendants' infringement of the registered mark.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Tour and/ or the Artists (or any of them) or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold,

held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

      B.      As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas at which the Tour and the Artists are performing, whether this occurs before, during or after the concerts on the Tour.

      C.      That Defendants deliver up for destruction any and all Unauthorized Merchandise.

      D.      As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

      E.      As to All Claims For Relief, that Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems to be just and proper.

Dated: July 12, 2005

Respectfully Submitted
SIGNATURES NETWORK, INC.
By Its Attorneys

M. Lawrence Oliverio, Esq., BBO #378755
Kudirka & Jobse, LLP
One State Street
Boston Massachusetts 02109
Telephone: (617) 367-4600
Facsimile: (617) 367-4656

Cara R. Burns, Esq. (Cal. Bar # 137557)
725 South Figueroa Street, Suite 2280
Los Angeles, California 90017
Tel: (213) 607-2290/Fax: (213) 538-1375

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**  SIGNATURES NETWORKS, INC.

**DEFENDANTS**  DOES 1-100

**(b)** County of Residence of First Listed Plaintiff  SUFFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SUFFOLK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  M. LAWRENCE OLIVERIO
KUDIRKA & JOBSE, ONE STATE STREET, 8TH FLOOR
BOSTON, MA 02109  617-697-8000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 15 U.S.C. § 1125(a)
Brief description of cause: TRADEMARK INFRINGEMENT

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions):
JUDGE  RYA W. ZOBEL
DOCKET NUMBER  02-11396-RWZ / 05-10628-RWZ

DATE 7/13/05
SIGNATURE OF ATTORNEY OF RECORD  M. Lawrence Oliverio

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __SIGNATURES NETWORK, INC. V. DOES 1-100__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
    - [x] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.
    - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES [x]   NO [ ]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES [ ]   NO [x]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES [x]   NO [ ]

    A.   If yes, in which division do all of the non-governmental parties reside?
         Eastern Division [x]   Central Division [ ]   Western Division [ ]

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
         Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __M. LAWRENCE OLIVERIO__
ADDRESS __KUDIRKA & JOBSE, ONE STATE STREET, BOSTON, MA 02109, 8TH FLOOR__
TELEPHONE NO. __617-697-8000__

(CategoryForm.wpd - 5/2/05)